UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT IBARRA JR., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS LLC, *et al.*, <br><br> Defendants. | Case No. 2:25-cv-07009-FLA (AJRx) <br><br> **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332. Accordingly, a defendant may remove an action from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of a federal question or diversity jurisdiction. Of relevance here, claims filed under the Magnuson-Moss Warranty Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Pursuant to 28 U.S.C. § 1446(b)(1) ("Section 1446"), a notice of removal must be filed within thirty (30) days after a defendant receives the initial pleading or summons. "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*. Thus,

a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.

The court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction.  In particular, and without limitation, the court finds that the allegations in Defendant's Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $50,000.  Additionally, the court is presently unable to conclude this action was removed within thirty (30) days of receipt of the initial pleading or summons, as required under Section 1446.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold and removal was untimely.  The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order.  Responses shall be limited to ten (10) pages in length.  The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

/ / /

/ / /

/ / /

As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: August 20, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

4